| iJONES, Judge.
Plaintiffs Dr. and Mrs. Lawton E. Searcy and their insurer, Aetna Life & Casualty Company appeal a judgment of the First City Court for the City of New Orleans ordering defendant La Quinta Motor Inns, Inc. to pay plaintiffs $500.00 as damages suffered from theft of certain jewelry and a camera while the Seareys were registered as guests at the defendant’s hotel. Plaintiffs argue the full value of their theft loss was $4,938.95, and the trial court erred when it found that La.C.C. art 2971 was applicable and that the hotel’s liability was limited to $500.00.
On or about the night of March 9, 1987, Dr. Lawton Searcy and his wife, Rhonda Holmes Searcy cheeked into the LaQuinta Inn located on Crowder Boulevard in the City of New Orleans. Dr. Searcy had been elected to serve on the Trustee Board of the New Orleans Baptist Theological Seminary and was in New Orleans for the annual meeting and dedication of a new building. His wife accompanied him on the trip. The Seminary had handled all the reservations for the Seareys to stay at the LaQuinta.
Dr. Searcy testified that he and his wife were greeted by a young lady at the registration desk who pulled up a reservation slip on the computer and told him toRsign the form. Dr. Searcy signed the form without reading it and did not notice any language at the top of the form. On cheek in, he did not notice any kind of posting on the front door of the motel, in the lobby, or behind the registration desk. The young lady at the registration desk did not call his attention to anything on the wall. A copy of the reservation form which he had signed was not handed to him until after he was departing. Nor did anyone point out any particular portion of the form to him.
The Seareys went straight to their room and to bed without unpacking, as both were exhausted and Dr. Searcy had an early morning board meeting to attend. Neither one of them noticed anything posted on the backside of the entrance door to their room nor did anyone suggest there was something on the door they should read. Mr. Searcy woke up early the next morning, showered and dressed, and departed for his meeting. He did not turn the light on in the main room. When he left, he did not personally notice anything posted on the backside of the door.
Mrs. Searcy testified that upon checking-in, she did not notice anything posted in the lobby, on the front doors of the motel, or behind the registration desk. Nobody from the motel staff accompanied them to their room. They went straight to bed. She saw nothing on the back of the door when she arrived. She arose early the next morning, after her husband had already left. She had a breakfast meeting with some of the ladies. Upon leaving, she did not notice anything posted on the door.
Mrs. Searcy returned to the room 45 minutes to one hour later, unlocked the door, and found her suitcase practically empty, with some of her things scattered around the room. However, she noticed that the bed had been made up. She subsequently looked for signs informing the guests of the existence of a safety ^deposit box, but found none. She specifically looked at the area *1139 behind the registration desk, Nothing was posted.
The deposition of Jean Crawford was submitted into evidence. She testified that she was employed by La Quinta Motor Inn in March of 1987 as the Assistant Manager. She identified an exhibit which contained the exact wording for La.C.C. arts. 2968, 2969, and 2971 as the notice which was posted in the room that the Searcys occupied in March 1987. She testified that the exhibit showed the actual size of the notice that could be found in a frame on the inside of each of the guest room doors. The notice in the exhibit was approximately three and one half by seven inches long.
Mrs. Crawford could not remember checking to see whether this particular notice was posted at the registration desk at any time. However, she did not believe the notice containing the exact wording of the statues was posted in the registration area. She believed the notice was only posted in the guest rooms. She also identified another exhibit as the notice which was posted on the door somewhere near the peephole. That notice, entitled “FOR YOUR ADDED SAFETY”, states, in relevant part:
SAFETY DEPOSIT BOXES
DO NOT LEAVE MONEY OR VALUABLES IN YOUR ROOM. Under state law, the motel cannot be responsible for loss unless articles have been properly secured in the safety deposit boxes located at our front desk.
Further, Mrs. Crawford testified that when guests check in they are told that there are safety deposit boxes available. She identified the guest check-in sheet from the computer which Mr. Searcy had signed when cheeking in. On the top of that document in very small print is the following “This property is privately owned and operated. The management reserves the right to refuse service to |4anyone for lawful and legitimate reasons. Safety deposit boxes are available at the front desk and money, jewelry and documents or other articles of value and small compass should be deposited for safekeeping. Unless deposited, the motel assumes no responsibility for any loss or injury to such articles.” The writing was very small, and when asked to read it during her deposition, Mrs. Crawford admitted at one point that she could not read one of the words. Her reading of the rest did not really appear to be a verbatim recitation of what was actually on the form.
In her deposition Mrs. Crawford also identified a photograph of a sign that she testified was located right behind the front desk just above a safety deposit box. The photograph contained a notice giving the check-out time and informing the guest that the hotel was not responsible for personal property. A blind spot in the middle of the photograph obscured a portion of the notice. Mrs. Crawford attempted to reconstruct the obscured words but could not remember the exact wording of the notice. She admitted the sign in the photo was the only sign posted behind the registration desk that talked about the responsibility of articles or things.
Finally, Mrs. Crawford admitted that she was not the person who had personally checked the Searcys in the night of their arrival. Nor was she present at the registration desk for check out.
Following trial of the ease, the court initially found La Quinta had complied with the provisions of La.C.C. arts 2968 and 2971. Therefore, La Quinta could not be liable contractually or delictually for the loss of any items in any sum exceeding $500.00. In his original reasons for judgment the trial court specifically found LaQuinta provided safety deposit boxes for use by the guests and that notifications of the availability of the safety deposit boxes were placed in conspicuous places as required by the Code, including behind the registration desk and on the doors of each room. The plaintiffs filed a motion for a new trial. | gThey argued that the judgment was contrary to the law and evidence because the $500.00 limitation of liability was not applicable. They further argued the hotel did not post a valid notice in the area of the registration desk or anywhere in the lobby, and the notice posted behind the guest room doors was not conspicuous pursuant to the holding of Kraaz v. La Quinta Motor Inns, Inc., 410 So.2d 1048 at 1051-1053 (La.1982). The plaintiffs additionally *1140 argued that the testimony demonstrated the notice posted in the guest room was somewhat small, and was on a card approximately three inches by seven inches. The plaintiffs noted that in Kraaz, the court stated, in dicta, that a notice of this exact size could not be considered conspicuous. La.C.C. art. 2471 does not specify any size for the notice and one can reasonably argue that it is a matter of discretion.
After hearing the motion for a new trial, the court issued a second judgment in favor of plaintiffs in the amount of $500.00. The court again found the notices contained in the hotel were sufficient to fulfill the requirements of La. 2968 and 2971. The court stated:
It is true that no evidence submitted in this matter supports the proposition that a complete copy of the innkeeper statute was posted at the registration area of the La Quinta. Nonetheless, this Court believes that the La Quinta did comply with codal provisions by providing safe deposit boxes, guest room postings and receipt notification of the innkeeper’s liability to motel guest. The testimony of witnesses in this matter support the La Quinta’s compliance with the law including exhibits that show that a sign was posted behind the registration desk of the motel where guest checked in notifying them of the availability of safe deposit boxes and the hotel’s liability policy. I find that the notice-posting employed by the La Quinta is sufficient to entitle the hotel to the liability by exemptions of Articles 2968 and 2969 and thus, evidences compliance with the codal notice-posting requirement.
The sole issue presented by this appeal is whether the trial court erred when it found that the defendant was protected by the provisions of La.C.C. art 2971, thus justifying limitation of the defendant’s liability.
IfiLa.C.C. article 2971 provides in relevant part:
Art. 2971. Limitation on liability of landlords and innkeepers.
No landlord or innkeeper, ... shall be liable contractually or delictually under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss of cash, jewelry, rare art items, furs, cameras, or negotiable instruments sustained by such guests ..., in any sum exceeding five hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.
No guest shall be held bound by the limitation of value established in this article if any of the following conditions occur:
1. The landlord or innkeeper fails to provide a safe deposit facility for valuables.
2. The landlord or innkeeper fails to conspicuously post this article in the guest room and registration area.
3. The guest avails himself of the safe deposit facility provided by the landlord or innkeeper, (emphasis added)
In the first assignment of error, plaintiffs argue that the defendant did not comply with the express provisions of La.C.C. art. 2971 because the motel failed to post La.C.C. art. 2971 in the registration area. In the second assignment of error the plaintiffs argue that the posting of the text of La.C.C. art. 2971, along with the texts of La.C.C. arts. 2968 and 2969 in very small print on a single card that measures only three inches by seven inches, by affixing that card behind the entrance door to the guest room, did not constitute “conspicuous” posting of the article as required by the provisions of La.C.C. art. 2971. Because the evidence clearly supports a finding that the motel failed to post the required notice in thej^registration area, a discussion of the plaintiffs second assignment of error will be pretermitted.
Mrs. Crawford admitted that she could not say the exact wording of the codal articles were posted in the registration area. Those notices were only posted behind the guests’ bedrooms. The photograph of the notice which the hotel alleged was posted in the registration area has a large light spot in the middle, but clearly only advises guests that the hotel is not responsible for the protection of personal property. This notice is totally inadequate. Unlike the notice allegedly posted on the back of the doors in the rooms, the notice in this area does not con *1141 tain either the complete text of La.C.C. art. 2971 or the gist of the text. The record supports a finding that the correct notice was posted in the guest room and apparently was also contained on the check in slip. However, literal compliance with La.C.C. art 2971 requires that the notice also be placed in the registration area. The hotel did not comply with the statute.
In his reasons for judgment the trial court implicitly admitted that literal compliance was lacking when he acknowledged that no evidence submitted in the matter supported the proposition that a complete copy of the innkeeper statute was posted at the registration area of the La Quinta. Nonetheless, the Court opined that the La Quinta had complied with the codal provisions by providing safe deposit boxes, guest room postings, and receipt notification of the innkeeper’s liability to motel guests.
The trial court erred in determining that a notice in contravention of the express provisions of La.C.C. art. 2971 was adequate. By enacting La.C.C. art. 2971, the Legislature has already determined what type of notice must be posted. The trial court erred in finding compliance with the codal provisions.
Dr. and Mrs. Searcy testified that the missing items consisted of Dr. Searcy’s cuff links, some of his wife’s jewelry, and a camera. The testimony and |8documentary evidence support a finding that the plaintiffs suffered damages in the amount of $4,938.95. The judgment of the trial court is reversed. Judgment is rendered in favor of the plaintiffs in the amount of $4,938.95 plus interest. All costs of this appeal are assessed to the defendant.

REVERSED AND RENDERED.